UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY WARD,<br><br>　　　　Defendant. | 5:22-CR-50073-JLV-01<br><br>ORDER REGARDING<br>MOTION OF OBJECTION (DOC 83) |

Mr. Ward filed a *pro se* "Motion of Objection." (Doc. 83). Because Defendant is represented by counsel, all motions must be made through his attorney. See United States v. Stanko, 491 F.3d 408, 411 n.2 (8th Cir. 2007) (The court declines to address *pro se* motions when defendant is represented by counsel); United States v. Peck, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998) (It is not the court's "practice to consider *pro se* briefs filed by parties represented by counsel"). Accordingly, on this basis, it is respectfully recommendation that the "motion for objection" is denied without prejudice. Alternatively, the court has reviewed the merits of the motion and for the reasons stated herein, finds the motion of objection to be without merit.

## DICUSSION

Ward raises the following issues in his "motion of objection" wherein requests that "these objections should be place on the record." (Doc. 83, p. 1).

**1. Issues not raised or challenged at the suppression hearing.**

Ward raises two objections in regard to the suppression evidentiary hearing. First, he states that he wished to challenge K.S. alleged "overdose that lead to affidavit's to [K.S.]'s phone, then to CA's phone, then to "Low's"[1] phone and then eventually Mr. Ward's phone." Ward believes it was in error when this matter "was touched on but not discussed" in the suppression hearing.

By choosing to be represented by counsel, a defendant necessarily relinquishes some control of the case to the attorney. Gonzalez v. United States, 553 U.S. 242, 248-249 (2008). "The adversary process could not function effectively if every tactical decision required client approval." Taylor v. Illinois, 484 U.S. 400, 418 (1988). "Strategic and tactical decisions should be made by defense counsel, after consultation with the client where feasible and appropriate." American Bar Association Criminal Justice Standards for the Defense Function, Standard 4-5.2(d) (4th ed. 2017).

The Supreme Court has recognized only four fundamental choices that a defendant always has the right to make; those fundamental choices remaining with the defendant are the decision "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983); Thomas v. United States, 737 F.3d 1202, 1207 (citing United States v. Boyd, 86 F.3d 719, 723 (7th Cir.1996) (reasoning that, aside from the

---

[1] Testimony at the evidentiary hearing established that Ward's co-defendant's nickname was "Low."

four fundamental decisions enumerated by the Supreme Court in Jones, all other trial decisions are strategic decisions reserved for counsel)).

Mr. Ward is represented by Paul Andrews. Therefore, the decision whether to move to challenge evidence that stems from K.S's overdose is a strategic and tactical decision made within his counsel's discretion.[2]

Furthermore, Ward lacks standing to challenge another person's cell phone. "An individual asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the [thing] searched, and that his expectation is reasonable." United States v. Russell, 847 F.3d 616, 618 (8th Cir. 2017) (citation omitted). "The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search." Id. (citation omitted). Ward does not argue and nothing in the present record indicates that he has any reasonable expectation of privacy in the contents of K.S.'s, CA's, or "Low's" cellphone. Thus, he lacks standing to challenge their search.

Second, Ward raises a concern regarding an exhibit which was introduced by the prosecutor. Ward's objection arises from his concern that he did not see this particular item of discovery, and he is unsure if his previous attorney[3] had viewed the document; however, Ward admits that his attorney

---

[2] Evidence presented at the suppression hearing demonstrated that there is a valid strategic reason for not pursuing these claims.

[3] Ward was initially represented by attorney Jennifer Albertson. Ms. Albertson filed the motion to suppress. Prior to the court holding and evidentiary hearing, Ward filed a motion for replacement counsel and the court appointed attorney Paul Andrews. Mr. Andrews represented Ward at the evidentiary hearing.

3

who represented him at the evidentiary hearing had seen the item of discovery. Ward claims that he has "only gone through half of [his] discovery, and never see this particular item of discovery." (Doc. 83, p. 1). Ward claims the Court should have asked "previous counsel Ms. Albertson if she had seen the item." Id.

None of these claims have merit. It is irrelevant if Ms. Alberton, his prior counsel, had seen the item of discovery. The relevant issue under FRCP 16 is whether Mr. Andrews, his current counsel, saw the item of discovery; Andrews told the court that he had. The objections Ward raises in regard to his suppression evidentiary hearing are overruled.

### 2. Pre-trial detention of the defendant.

Ward argues that he is being detained in violation of his Eighth Amendment rights and his First Amendment rights. However, he fails to provide any legal basis for the alleged violations. He asserts that he never had a detention hearing. The record clearly establishes that a detention hearing was held on May 4, 2022. During the hearing, defense counsel submitted to detention[4] in light of the fact that Ward was brought into federal custody on a writ of habeas corpus *ad prosequendum* and that he had an active warrant for pending felony charges in the state of Colorado with a $10,000 cash bond.

At the detention hearing, Ward asked for "a statutory reading of all these counts" set out in the Indictment. Ward stated he wants the rights to have the

---

[4] Because Ward submitted to detention, he was advised that he reserved the right to come back into court at a later date and request release.

4

statutes read for the record. Judge Wollmann advised Ward that at an initial appearance the Federal Rules of Criminal Procedures require the Indictment be read aloud; it is not required that the specific statutes be read aloud.

Ward asked the court whether the charges set forth in the Indictment required his physical presence in South Dakota to commit the crimes. Judge Wollmann advised that because he is charged with aiding and abetting, it is not required that he was physical present in South Dakota. Ward then asked who he was charged with aiding and abetting. Judge Wollman advised that identity of the person he is charged with aiding and abetting is sealed until they are arrested. Ward then asked additional questions and Judge Wollmann stated that she is available to answer questions about statutory rights, not give legal advice, and the questions he is asking are bordering on questions of defense strategy; thus, the questions are more appropriate for his counsel.

In the present motion, Ward suggests the court acted out of impartiality or bias because "it felt like the words were perjury and served the purpose for bias. Which the judge has no reason to be bias, and if so has a duty to recluse herself from Mr. Ward's case." (Doc 83, p. 2)

"Clearly established Federal law, as determined by the Supreme Court of the United States", 28 U.S.C. § 2254(d)(1), recognizes not only actual bias, but also the appearance of bias, as grounds for judicial disqualification:

> A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with

5

> precision. Circumstances and relationships must be considered.
> This Court has said, however, that "Every procedure which would
> offer a possible temptation to the average man as a judge . . . not
> to hold the balance nice, clear, and true between the State and the
> accused denies the latter due process of law."

In re Murchison, 349 U. S. 133, 136 (1955) (quoting Tumey v. Ohio, 273 U.S. 510, 535 (1927)). Bias is easy to attribute to others and difficult to discern in oneself. See Williams v. Pennsylvania, 579 U.S. 1 (2016). To establish an enforceable and workable framework, the Supreme Court's precedents apply an objective standard that, in the usual case, avoids having to determine whether actual bias is present. The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, "the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" Caperton v. A. T. Massey Coal Co., 556 U. S. 868, 881 (2009) (adopting a new standard that requires recusal "when the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." Id. at 872.)

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which is impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This section imposes an objective standard, requiring a judge to determine " 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.' " Hammer v. Sam's East, Inc., 754 F.3d 492, 503 (8th Cir. 2014) (quoting In re Kan. Pub. Emp. Ret. Sys., 85 F.3d 1353, 1358 (8th Cir. 1996). Section 455 separately lays out specific circumstances in

6

which recusal is also required, including situations where a judge has a bias or prejudice concerning a party or personal knowledge of disputed facts.  See U.S.C. § 455 (b)(1).  The impartiality of a judge is presumed to exist; a party seeking recusal bears a substantial burden to prove otherwise.  United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006).

    Ward does not assert how the undersigned magistrate judge may be biased in this case.  Ward vaguely alludes to an assertion that the undersigned magistrate judge has a personal bias or prejudice.  However, he fails to cite to any specific example or discuss the allegation further.  Ward "must alleged specific, non-conclusory facts showing a personal bias or prejudice against him that emanates from an extrajudicial source as distinguished from a judicial source, i.e. court proceedings."  United States v. Kirkpatrick, 2005 WL 2989314 (citing Youn v. Track Inc., 324 F.3d 409, 423 (6th Cir. 2003)).  "Adverse judicial rulings, however, 'almost never' constitute a valid basis or recusal; the proper recourse for a dissatisfied litigant is appeal."  Dosset v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005).  The court does not have any firsthand knowledge of the facts of the case nor any personal knowledge of Ward other than through the formal pleadings and court proceedings in this case.  There is no reason to believe that the undersigned magistrate judge has an actual bias, an appearance of bias or an objective unconstitutional potential for bias.  Therefore, this claim is without merit.

### 3. Discovery requests

Ward argues that the material requested in his previously filed motion for discovery (Doc. 82) is relevant to suppression issue and they should be provided before final briefing is concluded.  Ward also argues that the court should hold a hearing to allow Ward question law enforcement on the discovery materials.

The court has denied Ward's motion for discovery, without consideration of the merits of the motion.[5]  (Doc. 93).  In the motion for discovery, Ward requests the personnel files of the officers involved with the investigation, operational procedural manuals of the FBI, DCI, and Highway Patrol, current accreditation records of the officers, and all photos and recordings including actual traffic violation related to traffic stop and investigation.

During the evidentiary hearing, photos and video pertaining to the traffic stop where introduced into evidence.  Ward had the opportunity to cross examine the witnesses in relation to these materials.  Ward's objection as it pertains to photos and videos is overruled.  As it pertains to the personnel files/accreditation files and manuals, there is not enough information to rule on the discoverability of these materials as there has not been a showing that these materials are relevant to the case.

"The baseline rule is that a criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every

---

[5] Ward failed to file the certification as required under D.S.D. Crim. LR 16 prior to filing a discovery motion.

motion." United States v. Schwarting, 14-CR-50100-JLV (D.S.D. 2018) (Doc. 293) (internal quotation omitted). "An evidentiary hearing on a motion need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of fact exist." Id. (internal quotation omitted). Here, Ward did not meet his burden of showing that the evidentiary hearing should be reopened.

## CONCLUSION

For the foregoing reasons, Mr. Ward's objections (Doc. 83) are overruled.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 24th day of January, 2023.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge