UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY WARD,<br><br>Defendant. | 5:22-CR-50073-KES-01<br><br>REPORT AND RECOMMENDATION ON MOTION TO DISMISS (DOC. 140) |
|---|---|

Anthony Ward filed a Motion to Dismiss his Indictment (Doc. 140) and memorandum in support of his Motion (Doc. 140-1). The United States opposed the Motion and filed a response. (Doc. 148). This Court recommends that Ward's Motion to Dismiss his Indictment (Doc. 140) be denied.

## **JURISDICTION**

Ward was charged in an Indictment with Distribution of a Controlled Substance Resulting in Serious Bodily Injury in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 1).

The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Court District of South Dakota's Local Rule (LR) 57.11(B).

1

## DISCUSSION

### A. An Evidentiary Hearing Is Not Required

"A district court must hold an evidentiary hearing only when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact." United States v. Cooley, 63 F.4th 1173, 1176 (8th Cir. 2023) (quoting United States v. Stevenson, 727 F.3d 826, 830 (8th Cir. 2013)). "A hearing is not required if a dispute can be resolved on the basis of the record." Id. (citing United States v. Santos-Pulido, 815 F.3d 443, 446 (8th Cir. 2016)).

In this case, on July 26, 2022, Ward filed a Motion to Suppress and requested an evidentiary hearing. (Doc. 38). An evidentiary hearing was held on November 2, 2022. (Doc. 76). This court issued a report and recommendation denying Ward's Motion to Suppress, which was affirmed by the district court. (Doc. 91 & 110).

Here, Ward "requests that a hearing be set on this Motion to Dismiss." (Doc. 140, p. 1). Ward failed to state why he was requesting a hearing. Further, Ward's statement of fact is nearly identical to the facts established at the suppression hearing. See Doc. 84 (transcript from the evidentiary hearing) & Doc. 140, pp. 1-2 (Ward's statement of fact). Therefore, there are no contested issues of fact. Because there are no contested issues of fact, this court declines to hold an evidentiary hearing on Ward's claim.

### B. Ward's Motion to Dismiss Should Be Denied

Ward argues the Indictment should be dismissed because "[w]hen the car was released to [B.B.][1], it contained invaluable information about the owner of the drugs found in the car. The Defendant is thus left with a lack of access to the most important evidence in the case, the car and the bags which he could use to show that most of the items recovered were not his." (Doc. 140-1, p. 2). Ward stated, "the government violated Ward's due process rights by releasing the car and two black bags to a third party." Id. at p. 3. Ward asserts "[t]he car and the two black bags had an exculpatory value apparent before they were released to [B.B.]." Id. at p. 2.

The United States asserts "[o]ther than speculation, the defendant provides no evidence or argument the bags or vehicle contained material exculpatory information" and "clearly [there was] no bad faith in this case." (Doc. 148, pp. 6-7).

The Eighth Circuit held "[a] due process violation arises from destruction of evidence when the evidence 'possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.'" United States v. Tyerman, 701 F.3d 552, 560 (8th Cir. 2012) (quoting California v. Trombetta, 467 U.S. 479, 489 (1984)). "A higher standard of proof applies, however, when the evidence is only potentially useful to the defendant." Id. "[U]nless a criminal defendant can show bad faith on

---

[1] The individual's name has been omitted.

3

the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. (quoting Arizona v. Youngblood, 488 U.S. 51, 58 (1988)).

The Eighth Circuit has made clear that "[m]ere speculation that materials may contain exculpatory evidence is not . . . sufficient to sustain a Brady claim." United States v. Wadlington, 233 F.3d 1067, 1076-77 (8th Cir. 2000) (quoting United States v. Van Brocklin, 115 F.3d 587, 594 (8th Cir. 1997)); see Trombetta, 467 U.S. at 488 ("Whatever duty the Constitution imposes . . . to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense.").

Ward asserts, "[i]f in fact, the bags were those of the Defendant, they should have been preserved. . . . Preservation of both the car and the bags was essential to the Defendant's ability to defend against his alleged possession of these items." (Doc. 140-1, p. 5). However, Ward failed to show how the evidence found in the car and the bag was essential to Ward's ability to defend himself or material to his guilt or potential punishment. Because Ward's assertion is wholly conclusory, the court has no way of determining if the evidence is material. Such speculation is insufficient to establish a Brady violation. See United States v. Agurs, 427 U.S. 97, 109–10 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."). Therefore, despite Ward's

4

unsupported claims that the evidence in the car would have been exculpatory, the actual evidentiary value is unknown.

In the absence of Ward establishing that the car and the bags possessed an exculpatory value, he must alternatively show bad faith on part of the government. Tyerman, 701 F.3d at 560. Ward makes no assertion of bad faith.

Ward's claim is similar to the claim made in LeBeau where the court held that "[b]ecause the exculpatory value of the evidence in question is unclear . . . the defendant's "failure to make any showing of bad faith on the part of the prosecution is fatal to his claim." United States v. LeBeau, 5:14–CR–50048–KES, 2015 WL 3755925, *1 (D.S.D. June 16, 2015) (citing Youngblood, 488 U.S. at 57). Because Ward failed to make any showing of bad faith, his Motion to Dismiss should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that Ward's Motion to Dismiss (Doc. 140) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 1st day of November, 2023.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge