UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY WARD,<br><br>    Defendant. | 5:22-CR-50073-JLV-01<br><br>ORDER REGARDING MOTION TO CHANGE ATTORNEY STATUS AND ORDER REGARDING BRIEFING |

  Defendant Anthony Ward by the through his attorney of record, CJA panel attorney John Rusch, filed a motion which, in part, requests that the court enter an order, "allowing [Mr. Ward] to proceed *pro se* in this matter with standby counsel . . ." (Doc. 152). The court held a hearing on the motion on November 2, 2023. At the beginning of the hearing, Mr. Ward clearly and unequivocally expressed his desire to represent himself and waive his Sixth Amendment Right to Counsel.

  The Sixth Amendment grants an accused both the right to counsel and the alternative right to proceed *pro se*. Faretta v. California, 422 U.S. 806 (1975). To represent himself, an accused must "knowingly and intelligently" waive his constitutional right to counsel. Id. at 835. Because of "the enormous importance and role that an attorney plays at a criminal trial," the Supreme Court has "imposed the most rigorous restrictions on the information

Case 5:22-cr-50073-KES   Document 160   Filed 11/02/23   Page 2 of 5 PageID #: 807

that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial." Patterson v. Illinois, 487 U.S. 285, 298 (1988).

In Faretta, the Court said that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " 422 U.S. at 835 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)).  The Court upheld a waiver in Faretta where the record showed that the defendant was "literate, competent, and understanding," the trial judge had warned the defendant that the judge thought it was a mistake not to accept the assistance of counsel, and that the defendant would be required to follow all the rules of trial procedure.  422 U.S. at 808 fn. 2-3, 835-36.

If the defendant waives the right to counsel, the waiver must be voluntary, intelligent, and knowing.  This standard is met if the trial court specifically informed the defendant of the dangers and disadvantages of self-representation, or if the entire record evidences the defendant knew and understood the disadvantages.  An on-the-record colloquy exploring the dangers of self-representation is recognized as the preferred method of substantiating a waiver's validity.  United States v. Keiser, 578 F.3d 897, 902 (8th Cir. 2009).

2

The court conducted a Faretta hearing on Mr. Ward's motion and finds that the waiver is knowingly and intelligently made.  However, during the course of the hearing, Mr. Ward clearly expressed the reason for wanting to proceed *pro se.*  Throughout the course of this case, Mr. Ward has filed numerous *pro se* motions, which the court has denied on the grounds that all substantive motions must be made through counsel.  During the hearing, Mr. Ward made clear that his decision to proceed *pro se* is based on his desire to have his substantive *pro se* motions adjudicated so that he is able to appeal those issues, in the event he is convicted at trial.  Mr. Ward expressed his good working relationship with CJA panel attorney John Rusch and desires to have Mr. Rusch represent him at trial.  Mr. Ward's sole motivation in asking to appear *pro se* is to be able to litigate the legal challenges he seeks to raise.

A *pro se* defendant has no constitutional right to "hybrid representation" by standby counsel where counsel would assist him with the technical aspects of the case, however a court does have the discretion to allow standby counsel to provide that "meaningful assistance" with the technical aspects of the case during his or her standby representation. *United States v. Einfeldt,* 138 F.3d 373, 378 (8th Cir. 1998); See also *United States v. Swinney* et al., 970 F. 3d 494, 498 (8th Cir. 1992) and *United States v. Bartunek*, 2017 WL 195882 at p.3, (Not Reported) Order of District Judge Robert Rossiter (District of Nebraska 17CR28, 2017).

When asked by the court if he still wished to waive his Sixth Amendment right to counsel, despite the risk that the court may not allow him to proceed with a hybrid type of representation, Mr. Ward requested additional time to consider the matter. Therefore, the court denied the motion as moot and invited Mr. Ward to file a new motion clarifying his position.

This case has been pending since April of 2022. Mr. Ward has been dissatisfied with his two previous attorneys and his current attorney's unwillingness to file Mr. Ward's requested motions. In the interests of justice, judicial economy, and in order to promote the timely resolution of any motions, the court will exercise its discretion to accomplish the clearly stated desire of Mr. Ward; to-wit: that he be allowed the opportunity to have the court address his *pro se* motions while also being represented by legal counsel at trial.

Mr. Ward has filed at Motion to Dismiss at Docket 153 and the supporting affidavit at Dockets 154 and 155. The court will consider Docket 153 and other new substantive motions raised by Mr. Ward for a limited period of time. Other than Docket 153 and an appeal to the Report and Recommendation at Docket 151, the court will not consider the previously filed motions.[1]   NOW THEREFORE,

---

[1] These include, but are not limited to, Dockets 27, 28, 29, 30, 31, 32, 52, 53, 56, 82, 83, 86, 88, 99, 104, and 106.

IT IS ORDERED that Mr. Ward shall file any additional substantive motions along with the legal and factual basis in support thereof that he seeks to raise and have adjudicated **on or before Tuesday, November 7, 2023;**

IT IS FURTHER ORDERED that the United States shall file its response to the Motion to Dismiss filed by Mr. Ward at Docket 153, and any additional motions filed by Mr. Ward **on or before November 13, 2023.**

If Mr. Ward believes the court has construed his request in error or he objects to proceeding in this fashion, he is to immediately inform the court in writing.

DATED this 2nd day of November, 2023.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge