UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY WARD,<br><br>　　　　　Defendant. | 5:22-CR-50073-JLV-01<br><br>REPORT AND RECOMMENDATION ON MOTION TO DISMISS<br>(DOCS. 163 & 173) |

Anthony Ward filed a *pro se* Motion to Dismiss "for defective charging document lacking subject matter jurisdiction which violate both this Fifth and Sixth constitutional Rights as well as the Federal common Law as well as the Federal Rules of Criminal Procedure 12(b)(1)-(2)." (Doc. 163, p. 1). United States filed a response. (Doc. 170). Ward filed another Motion to Dismiss (Doc. 173), addressing the same claims he raised in Doc. 163. Ward filed a reply to the United States' response. (Doc. 184).

The court has reviewed the merits of the motion and for the reasons stated herein, finds the motion to be without merit. It is respectfully recommended that Ward's Motion to Dismiss and request for an evidentiary hearing (Doc. 163) be denied.

## DISCUSSION

Ward states the Court should grant his "motion to dismiss for defective charging document lacking subject matter jurisdiction which violate both his

1

fifth and sixth constitutional rights as well as the federal common law as well as federal rules of criminal procedure 12(b)(1)(1)." (Doc. 163, p. 1). Ward does not appear to raise any arguments specifically as to the language in the indictment itself. Ward claims his charges are "defective" for essentially two reasons. First, he asserts there is insufficient evidence to prove serious bodily injury occurred to support Count 1 and any evidence offered at Grand Jury to support that count is false or "exculpatory" evidence was not provided to the Grand Jury. Id. at pp. 3-7, 18. The second argument is that claimed "false" evidence related to the overdose investigation from Count 1 was used in search warrant affidavits that obtained evidence in support of Count 2, conspiracy. Id. at p. 8. Thus, he is "asking the Court in its infinite wisdom and discretion to issue sue sponte orders granting this Motion to Dismiss for defective charging document lacking subject matter jurisdiction which violate both his Fifth and Sixth constitutional Rights as well as the Federal common Law as well as the Federal Rules of Criminal Procedure 12(b)(1)-(2)." Id. at p. 1.

Ward makes a number of other arguments that are misplaced or otherwise inapplicable. For example, he repeatedly mentions violations of Federal Rule of Criminal Procedure 3, which addresses complaints. (Doc. 163, pp. 3 & 7). Ward was not charged by complaint in federal court, so these arguments are moot. Additionally, Ward mentions several times that "law enforcement by their own testimony never saw [him] dealing drugs." Id. at p. 17. This argument is clearly without merit, as basic evidentiary principles allow for other ways to prove a crime was committed beyond a reasonable

doubt besides law enforcement eyewitness testimony. Finally, Ward discusses various "elements" of principal in the first degree, principal in the second degree, accessory before the fact, accessory after the fact, agency, solicitation, and conspiracy. Id. at pp. 9-19. The purpose of this discussion is unknown to the Court.

### 1. Adequacy of the Indictment

Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and 12(b)(3)(B)(v) provides that a defect in the indictment, such as lack of specificity or failure to state an offense, must be raised by pretrial motion if the basis for the motion is then readily available and the motion can be determined without a trial on the merits. FED. R. CRIM. P. 12(b)(3)(B). When ruling on a motion to dismiss, a court must accept all factual allegations in the indictment as true. See United States v. Sampson, 371 U.S. 75 (1962). A valid indictment must allege that "the defendant performed acts which, if proven, constitute the violation of law for which he is charged." United States v. Polychron, 841 F.2d 833, 834 (8th Cir. 1988). If an indictment fails to allege acts that constitute a violation of law, then it may be dismissed. Id.

An indictment adequately states an offense if it "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (quoting United States v. Hernandez, 299 F.3d 984, 992 (8th Cir. 2002)). This

is a low bar, and an indictment will normally be found valid unless it is so defective that no reasonable construction of it properly charges the offense for which the defendant is being tried. Id. at 821. Normally, an indictment that tracks the statutory language is sufficient. Id.

A facially valid indictment ordinarily will survive a motion to dismiss for failure to state an offense without further inquiry. A court cannot dismiss an indictment based on "predictions as to what the trial evidence will be;" instead it must give the Government the opportunity to present its evidence. United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3rd Cir. 2000)). It is not the job of the indictment to prove each element of the offense, but to inform the defendant of the offense for which he is charged.

On April 21, 2022, Anthony Ward was charged in an Indictment with Distribution of a Controlled Substance Resulting in Serious Bodily Injury in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 1). Ward is charged under 18 U.S.C. § 2 which allows a defendant to be convicted of the offense if he aided and abetted the commission of distribution of a controlled substance resulting in serious bodily injury.

The essential elements of distribution of controlled substance resulting in serious bodily injury under 21 U.S.C. § 841(a)(1) are that the defendant intentionally transferred a controlled substance, to another person; the

4

defendant knew that he was transferring a controlled substance; and the use of the controlled substance resulted in serious bodily jury.

The essential elements of conspiracy to distribute a controlled substance under 21 U.S.C. § 846 are the existence of an agreement between two or more individuals to distribute drugs; that the defendant knew of the agreement; and that he intentionally joined the agreement. United States v. Moore, 639 F.3d 443, 447 (8th Cir. 2011). An indictment is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." United States v. George, 548 F. Supp. 2d 713, 716–17 (D.S.D. 2008). The identity of a defendant's co-conspirators is not an essential element of conspiracy and need not be specified in the indictment. See United States v. Oseby, 148 F.3d 1016, 1024 (8th Cir. 1998). An indictment need not provide a specific amount of the controlled substance in order to be sufficient. United States v. Pippenger, 552 F. Supp. 2d 990, 994 (D.S.D. 2008).

The indictment (Doc. 1) is sufficient; it contains all of the essential elements of the offenses charged and fairly informs Ward of the charges against him, which he must defend. The indictment provides enough detail to put Ward on notice of the charges against him, without being vague or indefinite.

Ward states the "Government wants the Court to ignore the very important fact that K.S. never legally overdosed and the fact that he denied treatment should be ignored." (Doc. 184, p. 2). Contrary to Mr. Ward's

argument, the indictment itself need not actually prove K.S. overdosed. The indictment need only provide sufficient notice of K.S.'s overdosed, which satisfies the requirement element of serious bodily injury.

Ward is essentially prematurely raising a sufficiency-of-the-evidence defense. After the United States presents its evidence at trial, Ward is able to challenge the sufficiency of the United States' evidence. See United States v. Ferro, 252 F.3d 964, 967-68 (8th Cir. 2001).

Whether the United States has evidence to prove that K.S. suffered serious bodily injury is an issue to be resolved at trial. Therefore, Ward's argument that the indictment should be dismissed based on lacking subject matter jurisdiction should be denied.

### 2. Investigatory/Prosecutorial Misconduct

Ward asserts prosecutorial and investigatory misconduct warrants the dismissal of the indictment. (Doc. 163, p. 4). Ward states incorrect or incomplete evidence was provided to the Grand Jury, and if correct information was provided an indictment would not have been issued. Id.

As a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors actually prejudiced the defendant. Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); United States v. McKie, 831 F.2d 819, 821 (8th Cir. 1987). Actual prejudice results if any violations had an effect on the grand jury's decision to indict. Bank of Nova Scotia, 487 U.S. at 263.

Furthermore, even when a grand jury witness delivers perjured testimony, the false statements must be material to the offense charged for dismissal to be appropriate. United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999). Dismissal is inappropriate if sufficient accurate information supports the decision to indict. United States v. Levine, 700 F.2d 1176, 1180 (8th Cir. 1983). "As long as there is some competent evidence to sustain the charge issued by the Grand Jury, an indictment should not be dismissed." Id. (quoting Truchinksi v. United States, 393 F.2d 627, 633 (8th Cir. 1968)).

"To establish a due process violation based on the prosecutorial use of false testimony, a defendant must show that '(1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict.'" United States v. Bass, 478 F.3d 948, 951 (8th Cir. 2007) (quoting United States v. Funchess, 422 F.3d 698, 701 (8th Cir. 2005)). Thus, the defendant must not only prove the false testimony, but also that the prosecution knew or should have known of the false testimony and that it was material. United States v. Flores-Lagones, 993 F.3d 550 (8th Cir. 2021).

Here, even assuming *arguendo* that K.S. did not overdose,[1] Ward has not met his burden of showing that his claim should be dismissed. Ward failed to establish the prosecution knew or should have known of the perjury. Further,

---

[1] The court notes that testimony at the November 2, 2022, evidentiary hearing included evidence that K.S. was administered at least one dose of Narcan. (Doc. 84, pp. 9 & 23).

7

he failed to establish there was a reasonable likelihood that the perjured testimony affected the grand jury's decision. Therefore, this claim should be denied.

### 3. Miranda Violation

Lastly, Ward claims "the (2) count of Conspiracy is only able to be charged by false probable cause on a grave <u>Miranda</u> violation which leads to Mr. Ward's identity which would have not been obtained in any other situation and false evidence (1) count which allowed the prosecutor to obtain illegal evidence which would not have been able to be obtained because there was no way to connect him to the conspiracy." (Doc. 163, pp. 3-4).

Ward failed to specify which statements he made in violation of his <u>Miranda</u> rights. The court previously examined Ward's stop and arrest and found no <u>Miranda</u> violation. This court has previously found that

> It is clear that Ward made a number of statements to law enforcement; however, all of the statements, shown in evidence, were spontaneous and not the result of an interrogation. Exhibit 1, Trooper Gamber's dashcam video, is the audio of Ward's statements made while being detained in the back of the patrol vehicle. There is no other evidence of any statements Ward made.

(Doc. 91, pp. 32-33).

In Ward's objection to the report and recommendation, he asserts that during "this routine traffic stop" law enforcement had "no basis . . . to require him to provide his name." (Doc. 109, p. 5). The district court found

> Mr. Ward's assertion that he was a passenger in the vehicle and law enforcement had no right to ask his name is misplaced. Trooper Gamber was entitled to ask for Mr. Ward's identification. <u>United States v. Slater</u>, 411 F.3d 1003, 1005 (8th Cir. 2005) ("A recent Supreme Court decision confirms that Officer Perry's

> request for Slater's identification did not violate the Fourth Amendment even if it was unrelated to the sobriety stop." (referencing Muehler v. Mena, 544 U.S. 93 (2005)). See also United States v. Foster, 15 F.4th 874, 878 (8th Cir. 2021) ("Officer Johnson did not unlawfully expand the scope or extend the stop when he asked for identification from the occupants of the vehicle."). When first entering Trooper Gamber's patrol car, the dialogue between the officer and Mr. Ward focused on the confusion regarding the defendant's name. Suppression Hearing Exhibit 1 at 21:50-28:00. Trooper Gamber then left his vehicle and did not return until about 42 minutes later. Id. at 1:00:00.
>
> . . .
>
> It is evident from listening to the audio and the context of Mr. Ward's statements and Trooper Gamber's statement "I'm not going to talk to you about this case" that the officer did not want to talk to Mr. Ward and did not conduct an interrogation. The officer did nothing to encourage Mr. Ward to speak. The trooper's inquiries in response to Mr. Ward's statements were not the types of "compelling influences, psychological ploys, or direct questions" which would violate the defendant's Fifth Amendment rights. Louisell v. Director of Iowa Department of Corrections, 178 F.3d 1019, 1023 (8th Cir. 1999) (citing Arizona v. Mauro, 481 U.S. 520, 529 (1987)).

(Doc. 110, pp. 13 & 20-21). The Court has examined the statements in the record and finds no Miranda violations. Therefore, this claim should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss (Docs. 163 & 173) be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require *de novo* review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 22nd day of November, 20202.

                                            BY THE COURT:

                                            DANETA WOLLMANN
                                            United States Magistrate Judge