UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>ANTHONY WARD,<br><br>                Defendant. | 5:22-CR-50073-KES-1<br><br><br>ORDER DENYING *PRO SE* REQUEST FOR JUDICIAL NOTICE |

Defendant, Anthony Ward, filed a *pro se* request for the court to take judicial notice of various alleged facts in the above-entitled action. Docket 199. The court denies the request for the reasons that follow.

### DISCUSSION

Rule 201 of the Rules of Evidence, which governs when the court may take judicial notice, applies only to adjudicative facts, not legislative facts. Fed. R. Evid. 201(a). "Legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case." *United States v. Gould*, 536 F.2d 216, 220 (8th Cir. 1976). Adjudicative facts may be judicially noticed *sua sponte* or at a party's request where the fact is not subject to reasonable dispute because it is generally known within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)–(c). "Judicial

notice [of a fact] may be taken at any stage of the proceeding . . . ." *United States v. Love*, 20 F.4th 407, 412 (8th Cir. 2021) (quotation omitted).

"In a criminal case, the court must instruct the jury that it may or may not accept the noticed [adjudicative] fact as conclusive." Fed. R. Evid. 201(f). "[J]udicially noticed legislative facts need not be submitted to the jury." *Love*, 20 F.4th at 412. "Caution must . . . be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules." *American Prairie Const. Co. v. Hoich*, 560 F.3d 780, 787 (8th Cir. 2009).

First, Ward requests that the court take judicial notice that "[t]he Government's case has been mainly in chief that the defendant was identified in a traffic stop and alleged to be caught with drugs and a gun in allegedly his bags." Docket 199 at 1. The government's case-in-chief is the period of the trial in which the prosecutor presents evidence to support the charges against the defendant. *See Case-in-chief*, Black's Law Dictionary (11th ed. 2019). Trial has not yet begun, and thus it is premature for the court to take judicial notice of what the government's case-in-chief may be. Moreover, Ward's request is not an appropriate subject for judicial notice because it is not a fact, but rather a characterization of the government's evidence. *See* Fed. R. Evid. 201(b)(2) (limiting judicial notice to facts that can be accurately and readily determined from sources). Thus, Ward's first request for judicial notice is denied.

Second, Ward requests that judicial notice be taken that "[t]he government has alleged that there w[ere] only two bags throughout the

discovery and all the contraband was found in his bags." Docket 199 at 1. The court declines to take judicial notice of this characterization of the government's argument because government witnesses have testified, during the suppression hearing, that contraband was found in other locations, including on Ward's person and in the center console. *See* Docket 84 at 117, 144–45. Because this fact is subject to reasonable dispute, the court refuses to take judicial notice of it.

 Third, Ward requests the court take judicial notice that "[a]ll the pictures submitted by the government have only two bags." Docket 199 at 1. The government offered photographs of the vehicle in which Ward was apprehended at the evidentiary hearing on November 16, 2023. *See* Docket 189 at 45–96. The court declines to take judicial notice of the number of bags in the photographs because the jury is capable as the finder of fact of interpreting the evidence offered by the government. Moreover, an adjudicative fact such as the number of bags in the car must ultimately be submitted to the jury even if judicially noticed. *See* Fed. R. Evid. 201(f) (requiring that in a criminal case the jury be instructed that it may or may not accept as conclusive a noticed fact).

 Fourth, Ward makes a multipronged request that asks the court to take judicial notice that the testimony of law enforcement officers at prior proceedings does not support the presence of only two bags in the vehicle. *See* Docket 199 at 1. This request is also denied. If the officers testify at trial, Ward may impeach their testimony with prior inconsistent statements if permitted by

3

the rules of evidence. *See* Fed. R. Evid. 613(b). Because this fact is subject to reasonable dispute, the court refuses to take judicial notice of it.

## CONCLUSION

For the reasons above, it is

ORDERED that Ward's request for judicial notice (Docket 199) is denied.

Dated December 1, 2023.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE