UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY WARD,<br><br>Defendant. | 5:22-CR-50073-KES-1<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS |

Defendant, Anthony Ward, filed a *pro se* motion to dismiss the indictment, alleging it is a "defective charging document lacking subject matter jurisdiction which violate both his Fifth and Sixth Constitutional Rights as well as the Federal Common Law as well as Federal Rules of Criminal Procedure 12(b)(1)-(2)." Docket 163 at 1. The United States opposed this motion. Docket 170. Ward subsequently filed an additional motion to dismiss in which he again addressed the issues he raised in Docket 163 (*see* Docket 173) and filed a reply to the United States' response (Docket 184). Ward's motions were referred to United States Magistrate Daneta Wollmann for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). Following an evidentiary hearing held on November 16, 2023, Magistrate Judge Wollmann issued a report recommending Ward's motions be denied (Docket 195) and Ward timely objected to the Magistrate Judge's report (Docket 229). After reviewing all of the parties' submissions the court adopts Magistrate Judge Wollmann's report and recommendation and addresses the issues Ward raises in his objections.

1

## STANDARD OF REVIEW

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Because motions to dismiss an indictment are considered dispositive matters, objections to a magistrate judge's recommendation regarding such a motion are subject to de novo review. 28 U.S.C. § 636(b)(1). In conducting a de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Ward objects to Magistrate Judge Wollmann's finding that the indictment is a sufficient charging document. Docket 229. Ward was indicted on April 21, 2022, and charged with one count of Distribution of a Controlled Substance Resulting in Serious Bodily Injury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2, and one count of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Docket 1. Ward argues that this indictment should be dismissed because the government has failed to provide sufficient evidence to prove various elements of the alleged offenses. Docket 229 at 2-9. Ward also argues that the indictment should be dismissed based on prosecutorial and

investigatory misconduct because incorrect or incomplete evidence was provided to the grand jury. *Id.* at 7-8.

## I.     Adequacy of the Indictment

Magistrate Judge Wollman found the indictment "is sufficient[, because] it contains all of the essential elements of the offenses charged and fairly informs Ward of the charges against him, which he must defend [and]. . . provides enough detail to put Ward on notice of the charges against him, without being vague or indefinite." Docket 195 at 5. Ward objects, arguing that the indictment is inadequate because (1) a doctor's expert testimony or toxicology report is needed in order to prove an individual suffered a "serious bodily injury," (2) there is no evidence that "CA and Mr. Young actually knew or know Mr. Ward" and "without that there is no conspiracy[,]" and (3) there is no evidence that Ward was present in South Dakota or in Colorado, as alleged in the indictment. The court addresses each of these objections in turn. *See* Docket 229.

As an initial matter, "[a]n indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Summers,* 137 F.3d 597, 601 (8th Cir. 1998) (internal quotation marks omitted). Put more simply, an indictment is adequate so long as its "language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). "In reviewing a [ ] motion to dismiss the

3

indictment, the Court does not entertain an evidentiary inquiry, but rather accepts the allegations of the [i]ndictment as true[.]" *See United States v. Augustine Med., Inc.,* 2004 WL 256772, at *2 (D. Minn. Feb. 10, 2004) (citing *United States v. Ferro,* 252 F.3d 964, 968 (8th Cir. 2001) (internal citation omitted)). Thus, to withstand a motion to dismiss an indictment, the indictment need only allege Ward committed acts which, if proven, would constitute a violation of the law for which he has been charged. *United States v. Polychron,* 841 F.2d 833, 834 (8th Cir.1988).

First, Ward argues the indictment should be dismissed as to Count 1, the Distribution of a Controlled Substance Resulting in Serious Bodily Injury. Docket 229 at 1-6. As Magistrate Judge Wollmann correctly noted in her report and recommendation, count 1 of the indictment mirrors the relevant statutory language for the crime Ward is charged. *See* Docket 195 at 4-5. Ward, however, maintains the count should be dismissed because "only a doctor can state or report to bodily injury because a doctor is a medical expert[]" and there was "no toxicology report to verify that K.S. actually suffered from an overdose from a pill (fentanyl)." Docket 229 at 2-3. Ward also argues "since there is no toxicology report[,] because K.S. refused treatment, there is no way for [him] to be placed on notice because it makes it impossible to defend." *Id.* at 5. The court finds that Ward has been properly put on notice as to the conduct he is alleged to have committed. The questions relating to whether K.S. actually experienced an overdose and whether the overdose was the result of fentanyl is ultimately a "factual argument[] for the jury." *United States v. Hemme,* 987 F.

4

Supp. 2d 940, 951 (D. Minn. 2013) (quoting *United States v. Hunter,* 2013 WL 593413, at *2 (D. Minn. Feb. 14, 2013)). Ward's arguments go to the sufficiency of the evidence, and "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial[,] the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *Id.* at 943 n.2 (quoting *United States v. Perez,* 575 F.3d 164, 166–67 (2d Cir. 2009) (internal quotations and alterations omitted)). Thus, at this point, Ward's factual arguments are premature.

Next, Ward argues that the conspiracy charge in Count 2 the indictment should be dismissed because there is no evidence that Ward's alleged co-conspirators "knew or know" him. Docket 229 at 8. At the indictment stage, however, the government is not required to irrefutably prove a conspiracy actually existed. *See Ferro,* 252 F.3d at 968. Instead, the indictment need only provide sufficient notice that Ward is alleged to have participated in a conspiracy by "knowingly and intentionally combin[ing], conspir[ing], confederat[ing], and agree[ing]. . . to knowingly and intentionally distribute" fentanyl. *See* Docket 1; *United States v. Hayes,* 574 F.3d 460, 472 (8th Cir. 2009).

In fact, the Eighth Circuit has upheld the sufficiency of an indictment alleging conspiracy to distribute a controlled substance even where the names of the alleged co-conspirators were not included in the document. *See United States v. Huggans*, 650 F.3d 1210, 1217-18 (8th Cir. 2011). In the specific context of a conspiracy allegation, "an indictment provides sufficient 'specific

5

facts constituting the offense' if it apprises the defendant of the time frame of the alleged drug conspiracy and the type of drugs involved." *Id.* at 1218 (holding that an indictment was sufficient to give notice of the alleged conspiracy, despite not naming the co-conspirators, because it specified a defined, seven-year period in which the conspiracy took place and explicitly noted the conspiracy was for the distribution of cocaine).

Here, Ward's indictment clearly states that the alleged conspiracy is claimed to have begun "on or about January 2022" and continued until "on or about the date of th[e] indictment, [April 21, 2022.]" Docket 1 at 1-2. Also, the indictment plainly advises Ward that he is charged with conspiring to distribute 400 grams or more of fentanyl specifically. *Id.* "In view of these limitations [and factual allegations, the court] cannot say that [Ward] could have failed to realize exactly what conduct the trial [would] concern[ ]." *See id.* Thus, the court finds the language in the indictment as adequate to put Ward on notice and Ward's factual arguments relating to whether he actually knew his co-conspirators or participated in a conspiracy are premature. *See Perez*, 575 F.3d at 166–67.

Finally, Ward argues that the indictment should be dismissed because there is no evidence that he participated in a conspiracy in the State of South Dakota, and as a result the court lacks subject matter jurisdiction. Docket 229 at 7-8. Specifically, Ward claims that "[i]t can't even be proven that the defendant is being held for crimes that were committed in the State of South Dakota[.]" *Id.* at 8; *see also id.* at 7 ("The defendant's presence is needed in this

state or in Colorado because that's what the indictment states[,] however[,] the defendant was in neither state." This argument, however, is also premature as it goes to the sufficiency of the evidence. Such an argument is proper only after the government has finished presenting evidence at trial, because, for purposes of an indictment, "[a] violation of federal law may be prosecuted 'in any district in which such offense was begun, continued, or completed.' " *United States v. Johnson*, 462 F.3d 815, 819 (8th Cir. 2006) (quoting 18 U.S.C. § 3237(a)). "Furthermore, although separate proof of an overt act is not a necessary element of a drug conspiracy under 21 U.S.C. § 846, venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." *United States v. Morales,* 445 F.3d 1081, 1084 (8th Cir. 2006) (quoting *United States v. Romero,* 150 F.3d 821, 824 (8th Cir.1998) (internal quotations omitted)).

Here, in the indictment, "the Government has alleged the overt acts occurred in the [District of South Dakota] and elsewhere. That is sufficient to allege venue in a conspiracy case." *United States v. Colee*, 2008 WL 4183004, at *3 (E.D. Ark. Sept. 8, 2008). It is not until trial that the government is required to prove that any such acts actually occurred in South Dakota. *See id.* ("If the Government successfully proves at trial that any of the listed overt acts [relating to a conspiracy to distribute a controlled substance] occurred anywhere in this district, then venue will have been proper here."). Thus, the court overrules Ward's objection and finds the allegations in the indictment sufficient to establish the District of South Dakota as a proper venue. Ward's

factual arguments regarding whether he was actually present in South Dakota are issues to be resolved at trial.

Based on the foregoing, the court agrees with and adopts Judge Wollmann's finding that the indictment is sufficient, as "it contains all of the essential elements of the offenses charged and fairly informs Ward of the charges against him, which he must defend. The indictment provides enough detail to put Ward on notice of the charges against him, without being vague or indefinite." Docket 195 at 5.

## II. Investigatory/Prosecutorial Misconduct

Finally, Ward objects to the Magistrate Judge's finding that Ward did not meet his burden in showing (1) the prosecution knew or should have known that some of the witnesses at the grand jury committed perjury and (2) there was a reasonable likelihood that the perjured testimony affected the grand jury's decision. Docket 229 at 7-9.

In his objections, Ward asserts that "[a]t the Grand Jury, Agent Whittle testifie[d] that 'the defendant put two bags in the car,' subsequently he state[d], 'he also had a bag that was next to him.' Yet there [are] pictures of only two bags." *Id.* at 8. Ward also alleges that at the evidentiary hearing on November 16, 2023, "Trooper Jackson testifie[d], 'that were was a bunch of bags in that car[.]' " *Id.*

Even assuming arguendo that these statements were indeed false, Ward would need to prove "(1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there

8

was a reasonable likelihood that the perjured testimony could have affected the jury's verdict." *United States v. Bass*, 478 F.3d 948, 951 (8th Cir. 2007) (quoting *United States v. Funchess,* 422 F.3d 698, 701 (8th Cir.2005)).

The court agrees with Magistrate Judge Wollmann's finding—Ward has failed to make such a showing. Ward has not offered any evidence that the prosecution knew these statements were false nor did he show the grand jury's decision to indict hinged on the allegedly perjured testimony. Thus, the court overrules Ward's objection.

## CONCLUSION

Ward's objections to the report and recommendations primarily focus on the sufficiency of the evidence that will ultimately be used to convict him, not the sufficiency of the indictment itself. The court finds the indictment adequate to put Ward on notice of the charges against him. Additionally, Ward has failed to show the prosecution knew the alleged perjured testimony provided at the grand jury was false and that such testimony affected the grand jury's decision. Thus, it is

ORDERED that the report and recommendation (Docket 195) is adopted in full, and Ward's motions to dismiss the indictment (Docket 163, 173) are denied.

Dated December 8, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

9