UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY WARD,<br><br>Defendant. | 5:22-CR-50073-KES-1<br><br><br>ORDER AFFIRMING MAGISTRATE JUDGE WOLLMANN'S ORDER |

Defendant, Anthony Ward, filed a *pro se* motion for discovery pursuant to Federal Rule of Criminal Procedure 16(d). Docket 174. The United States opposed the motion and filed a response. Docket 210. Magistrate Judge Daneta Wollmann ordered that Ward's motion be denied. Docket 218. Ward timely appealed Magistrate Judge Wollmann's order. Docket 252. After reviewing the record, the court affirms Judge Wollmann's complete and well-analyzed order in full and addresses the issues raised by Ward in his objections.

**STANDARD OF REVIEW**

This court's review of a magistrate judge's order on a nondispositive matter is governed by 28 U.S.C. § 636 and Rule 59 of the Federal Rules of Criminal Procedure. The court reviews any timely and specific objections to the magistrate judge's order with respect to nondispositive matters under a contrary to law or clearly erroneous standard of review. 28 U.S.C.

§ 636(b)(1); Fed. R. Crim. P. 59(a). Because motions for discovery are considered nondispositive matters, appeals to a magistrate judge's order regarding such a motion are subject to a contrary to law or clearly erroneous standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(a). "Although the Eighth Circuit Court of Appeals has not addressed the standard of review under Rule 59(a), it has observed, in another context, that 'clear error' is a 'deferential standard of review' that allows the reviewing court to reverse 'only . . . when the entire record definitely and firmly illustrates that the lower court made a mistake.' " *United States v. Melton*, 948 F.Supp. 2d 998, 1002 (N.D. Iowa 2013) (citing *United States v. Marshall*, 411 F.3d 891, 894 (8th Cir. 2005)).

## DISCUSSION

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. When the exculpatory value is not known, however, a showing of bad faith is necessary. *See Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988). "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58. "To establish a *Brady* violation, [the defendant] bears the burden of showing that the government suppressed evidence[.]" *Masten v. United States*, 752 F.3d 1142, 1146 (8th Cir. 2014).

Defendants under Federal Rule of Criminal Procedure 16 may "discover certain documents and tangible objects upon a showing that they are 'material to the preparation of [their] defense.' " *United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985) (quotation omitted). "Evidence is material under Rule 16 if it is 'helpful to the defense' [and] 'enables a defendant significantly to alter the quantum of proof in his or her favor[.]' " *United States v. Red Bird*, 2020 WL 6129634, at *5 (D.S.D. Oct. 19, 2020) (cleaned up and quotations omitted). "A showing of materiality, however, is 'not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense.' " *Krauth*, 769 F.2d at 476 (quotation omitted).

Ward's first argument on appeal to Magistrate Judge Wollmann's order is that "[t]he Magistrate has erred in her decision stating that the defendant's request for 10 phones, as well as all the bags in the car and their contains, papers, safes and all other relevant items were found in said bags and the car, by stating that the defendant has not stated how the evidence would help his defense." Docket 252 at 1. The court finds that Magistrate Judge Wollmann did not err. For reasons discussed in the court's order adopting Magistrate Judge Wollmann's report and recommendation on Ward's motion to dismiss the indictment due to alleged *Brady* violations, the court finds Ward's testimony about the existence of the additional phones not credible. *See* Docket 255 at 8–10. Moreover, Rule 16 requires the government to turn over documents and objects material to the defense where "the item is within the government's possession, custody, or control." Fed. R. Crim. P.

16(a)(1)(E). Here, Ward alleges that the government failed to preserve the car and its contents, and thus the items requested are not within the government's custody or control. It is impossible for the government to now return the car in its original condition to Ward. Ward also fails to establish a *Brady* violation based on the government's failure to preserve evidence for reasons discussed in the court's order responding to Ward's *Brady* motion. *See* Docket 255 at 6–7. Thus, Ward's first argument on appeal fails.

Ward's second argument is that he "would like to know all the cases that [Kyle Seid's] overdose has been alleged and the witnesses set to testify against these alleged defendants." Docket 252 at 2. Here, Ward makes an additional discovery request and not an objection, as Ward did not make this request in his motion for discovery. *See generally* Docket 174. "A party cannot raise arguments before the district judge that it failed to present to the magistrate judge, parties 'must take before the magistrate, not only their best shots but all their shots.' " *Wright v. Capella University, Inc.*, 2021 WL 4305236, at *3 (quoting *Ridenour v. Boehringer Ingelheim Pharms., Inc*, 679 F.3d 1062, 1067 (8th Cir. 2012)). The court declines to address this new request, particularly because the court finds that lack of disclosure here would not result in a manifest injustice. Thus, Ward's second argument also fails.

Ward's third argument appeals Magistrate Judge Wollmann's finding that Ward's request for portions of the FBI and UNET's Operational Procedure

Manuals is conclusory, and that Ward failed to establish that the manuals are material. *See* Docket 252 at 3; s*ee also* Docket 218 at 4–5. Magistrate Judge Wollmann found that the lack of specificity in Ward's request gave it the appearance of a fishing expedition. *See* Docket 218 at 4. A fishing expedition occurs when a party's statements show no " 'particularized need' [but] rather . . . are but an expression of a generalized hope" that the party may uncover something beneficial. *Thomas v. United States*, 597 F.2d 656, 658 (8th Cir. 1979). Regarding Magistrate Judge Wollmann's finding, Ward argues that the manual might be used to impeach Officer Gamber's testimony regarding the receipt of evidence. *See* Docket 252 at 3. Ward provides no specific reason why portions of the manual pertaining to handling of informants, warrantless searches, and warrantless arrest are material. Judge Wollmann's finding that Ward's request for the Operational Procedure Manuals constitutes a fishing expedition is not contrary to law or clearly erroneous. Thus, Ward's third argument is overruled.

      Ward's fourth argument is that "the Magistrate has erred in her decision that the defendant's request for all medical records pertaining to [Seid's] overdose including all doctor and nurse prognosis reports, hospital records pertaining to his stay, and the blood and urine analysis pertaining to his overdose; as well as the bodycam footage of the police who [were] at the scene, during this alleged overdose." Docket 252 at 4. The request for these medical records was not present in Ward's motion for discovery, and thus Magistrate Judge Wollmann's report did not address it. *See generally* Docket 174; Docket

5

218. The information Ward now requests may not even exist, as the record does not support that Seid went to the hospital or received ongoing treatment following his overdose, but rather that he was administered Narcan at the residence where he overdosed. *See* Docket 178 at 4–5; Docket 84 at 8–9. Moreover, the court finds that bodycam footage of the overdose scene is unlikely to significantly alter the quantum of proof in Ward's favor. *See Red Bird*, 2020 WL 6129634, at *5. Thus, Ward's fourth argument fails.

Ward's fifth argument appeals Magistrate Judge Wollmann's ruling that Ward is not entitled to witness statements before trial. *See* Docket 252 at 4–5. Magistrate Judge Wollmann found that under the Jencks Act, the district court cannot require the Government to disclose statements or reports made by a government witness until that witness has testified at trial. *See* Docket 218 at 5–6. The Jenks Act provides:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). The Eighth Circuit has recognized that the Jenks Act does not require the government to disclose witness statements prior to their testimony at trial. *See United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006). The *Brady* rule also does not require pretrial disclosure of witness statements, "so long as the evidence in question is disclosed prior to the end of trial." *See id.* (quoting *United States v. Holmes*, 421 F.3d 683, 687 (8th Cir. 2005)). Thus, Magistrate Judge Wollmann's

ruling is not contrary to law or clearly erroneous, and Ward's fifth argument fails.

Ward's sixth argument challenges Magistrate Judge Wollmann's finding that Ward did not demonstrate that his need to obtain the identities of confidential sources of information was sufficient to overcome "informer's privilege." *See* Docket 252 at 6–7. The court agrees with Magistrate Judge Wollmann's finding that Ward does not assert any particularized, material need for the unredacted identities of informants, but rather asked for a blanket disclosure. *See* Docket 218 at 6–8; *see also* Docket 174 at 6 (requesting the court grant Ward access to "the entire evidence with no redaction[s]"). Thus, the court finds that Magistrate Judge Wollmann's order on Ward's request for unredacted materials is not contrary to law or clearly erroneous, and Ward's sixth argument on appeal is denied.

Ward's seventh argument concerns Magistrate Judge Wollmann's finding that the government has not failed to meet its obligations under Federal Rules of Criminal Procedure 16(c)(1)–(2). *See* Docket 252 at 8. Rule 16(c) imposes a continuing duty to disclose information otherwise discoverable under Rule 16. *See* Fed. R. Crim. P. 16(c).  Ward does not assert in a particularized way wha information has not been disclosed, but rather makes blanket assertions that the government has failed to meet its continuing disclosure obligations, or otherwise restates his previous objections and requests. *See* Docket 252 at 8. Thus, the court does not find Magistrate Judge Wollmann's holding to be contrary to law or clearly erroneous, and Ward's seventh argument is denied.

7

Ward's eighth argument is that "[t]he Magistrate has erred in her decision regarding FRCP(f)." *Id.* Ward asserts that medical records relating to Seid's overdose exist and constitute a scientific test or experiment. *See id.* The court agrees with Magistrate Judge Wollmann's finding that "Ward has not established that there has been any scientific tests o[r] experiments in this case[.]" Docket 218 at 9–10. Thus, Ward's eighth argument is denied.

## CONCLUSION

Ward has not shown any basis for further discovery. Thus, it is

ORDERED that the report and recommendation (Docket 218) is adopted in full, and Ward's *pro se* motion for discovery (Docket 174) is denied.

Dated December 11, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER

UNITED STATES DISTRICT JUDGE