UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY WARD,<br><br>Defendant. | 5:22-CR-50073-KES<br><br><br>ORDER DENYING MOTION TO RECUSE |

Defendant, Anthony Ward, moves this court to recuse itself. Docket 339. Ward alleges that during his trial and sentencing the court displayed prejudice against him and as a result he has been deprived due process. *Id.*

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir. 1984). "An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." *United States v. Anderson,* 433 F.2d 856, 859 (8th Cir. 1970). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Faul,* 748 F.2d at 1211 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)).

Even assuming Ward's affidavit meets the legal definition of an affidavit, it is factually insufficient. First, Ward claims the court erred allowing certain

evidence into his trial. Docket 340 at 1. But "a court's ruling on a question of law," such as the admissibly of evidence, "does not show the personal bias required for disqualification." *Anderson*, 433 F.2d at 860. Second, Ward alleges the court's facial expressions and demeanor both prejudiced the jury against him and also indicated racist feelings. Docket 340 at 1-2. These accusations are conclusory and without any factual support. *See Alexander v. Medtronic, Inc.*, 2012 WL 3724052, at *3 (W.D. Mo. Aug. 27, 2012) (stating that in order to succeed on a personal bias claim, the defendant must allege specific facts, not mere conclusions or generalities). Moreover, "[t]he court's demeanor and rulings in earlier phases of the same case . . .do not provide a basis for disqualification." *Anderson*, 433 F.2d at 860.

Ward also indicates recusal is necessary under 28 U.S.C. § 455(a), which requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher*, 323 F.3d at 664 (citation omitted).

As the Eighth Circuit has held, "[t]he recusal statute does not provide a vehicle for parties to shop among judges. . . [or] require recusal every time a

judge commits a procedural error or departs from protocol in some way." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988). In short, the question "is not whether the trial judge committed errors, but whether these errors create a reasonable inference that the Court has lost its impartiality. This question must be answered ' . . . in light of the full record, not simply in light of an isolated incident.' " *Id.* (quoting *In re Federal Skywalk Cases,* 680 F.2d 1175, 1184 (8th Cir. 1982).

Applying the foregoing principles here, the court finds that Ward has not met his burden to demonstrate recusal is appropriate. Ward's claims are brief, generalized, and offer no insight as to how the court's statements and alleged errors impact the court's ability to remain unbiased. Even if the court did commit an alleged error, that error alone is not sufficient to show the type of prejudice or bias that warrants recusal. These alleged errors are best addressed on appeal. Thus, it is

ORDERED that plaintiff's motion (Docket 339) is DENIED.

DATED May 24, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE